**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4046**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CODI LEE DOUGLAS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Senior District Judge.  (2:21-cr-00113-1)

Submitted:  June 20, 2023                              Decided:  July 14, 2023

Before HARRIS and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Jeremy B. Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Codi Lee Douglas pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a).  The district court sentenced Douglas to 37 months' imprisonment, which was at the low end of the advisory Sentencing Guidelines range.  On appeal, Douglas argues that his sentence is procedurally unreasonable because the district court inadequately explained its basis for denying his request for a downward variance.  Douglas also contends that his sentence is substantively unreasonable.  Finding no error, we affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).  First, we must ensure that the district court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lesser sentence.]"  *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (cleaned up).

2

Next, "[i]f the sentence 'is procedurally sound, [we] then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within or below a properly calculated Guidelines range is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut the presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We conclude that Douglas' sentence is procedurally and substantively reasonable. Douglas argued for a downward variance based on the nature and circumstances of the offense, his family circumstances, personal history, and recent positive employment record. The Government asked the district court to impose a sentence at the top of the Guidelines range to account for Douglas' criminal history. After listening to both parties' arguments and Douglas' allocution, the district court cited those arguments and the statutory sentencing factors in imposing the 37-month sentence. The court thus "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Therefore, we discern no error in the court's explanation for Douglas' sentence. We have also confirmed that the sentence is otherwise procedurally reasonable. *See Provance*, 944 F.3d at 218. And, while Douglas argues that his sentence is substantively unreasonable, he fails to rebut the presumption of reasonableness attached to his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*